# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

THE FEDERAL LAND BANK OF BALTIMORE V. THOMAS H. WORRELL.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*William Beasley, I. P. Whitehead* and *A. E. Cooley,* for the appellant.

*L. E. Lindsay,* for the appellee.

HOLT, J., delivered the opinion of the court.

There is pending in the Circuit Court of Carroll county the chancery cause of *Peoples State Bank* v. *J. S. Mitchell, et al.* Its purpose, among others, was to subject the real estate of C. B. Worrell to the payment of his lien debts. An account of them was taken by a master commissioner, whose report was duly confirmed, and his farm of 252 acres, known as the "Turman tract," was ordered to be sold. Afterwards, Thomas H. Worrell, by leave of court, filed a petition in said suit in which he undertook to set up a lien secured by a trust deed on it, prior in date but junior in order of recordation to the plaintiff land bank's reported lien.

To that petition the land bank demurred, and assigned as grounds therefor the reasons: That it "does not state what agent of said bank had such notice. and fails to give sufficient facts and circumstances to enable said bank to answer the allegations of said petition intelligently and fully."

That demurrer was overruled and the land bank was given leave to file its answer. From that decree the land bank appealed to this court. An appeal was refused, but in the refusal we made this suggestion: That "under the peculiar facts of this case, good practice required that the information suggested by demurrer should, on the motion of the defendant, be supplied before the petitioner is permitted to proceed with this case."

In conformity thereto Thomas H. Worrell filed an amended petition in which he undertook to give the information desired as to agency. To the amended peti-

tion the land bank again demurred assigning as grounds therefor other reasons. It also answered.

This second demurrer was also overruled, and it is from that order that this appeal is taken.

The amended petition adds nothing to the original petition except information as to agency. It is plain that if this court had done nothing but refuse an appeal to the decree overruling the demurrer to the original petition the land bank could not have gone back to the trial court and again demurred. If this were not true, then it would have been possible to file an indefinite number of demurrers to the same petition. The second demurrer is not to matters set up in the amended petition, but to those which appear in the first. As to them the land bank has had its day in court, for the demurrer, which purports to be to the amended petition, is in fact a second demurrer to the original petition. Why the facts now relied upon were not set up in the beginning we do not know.

The trial court is plainly right and its decree is affirmed.

*Affirmed.*